1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANA MCARTHUR, et al.,

                Plaintiffs,

    v.

HOLLAND AMERICA LINE INC,

                Defendants.

Case No. C22-1071 RAJ-TLF

REPORT AND
RECOMMENDATION

Noted for December 30, 2022

This matter comes before the Court on Holland America Line, Inc., Holland America Line N.V., LLC, and HAL Antillen's (collectively, the "Holland America defendants") motion to dismiss Plaintiffs'[1] second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6)[2]. Dkt. 36.

For the reasons set forth below, the Court should DENY the Holland America defendants' motion to dismiss.

<u>RELEVANT FACTS</u>

The following facts are alleged in the SAC (Dkt. 35) and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

---

[1] Plaintiffs are the estates of four individuals who died on August 5, 2021. *See* SAC at ¶1. The Court's reference to "plaintiffs" encompasses both the estates and decedents.

[2] Defendant Southeast Aviation LLC separately moved to transfer, or in the alternative dismiss, plaintiffs' second amended complaint for lack of personal jurisdiction. Dkt. 38. This motion is addressed in a separate Report and Recommendation.

REPORT AND RECOMMENDATION - 1

On August 5, 2021, Andrea McArthur, Rachel McArthur, Jacquelyn Komplin and Jane Kroll were involved in an aviation crash during the Experience Misty Fjords by floatplane tour. *See* SAC at ¶1. The tour was a shore excursion operated by non-moving defendant Southeast Aviation LLC. *See id.*

Plaintiffs were all passengers on Holland America's *MS Nieuw Amsterdam*, which was ported at Ketchikan, Alaska for one day. *Id.* at ¶29-30. None of the plaintiffs booked their floatplane tour through Holland America. *Id.* at ¶33(a)-(c). However, plaintiffs state that on Holland America's website, they marketed and promoted a substantially similar shore excursion entitled, "The Misty Fjords National Monument by Seaplane," as part of the cruise's overall experience. *Id.* at ¶38. It was after reviewing this promotional material on the website that plaintiffs allegedly requested that their travel agents book a floatplane excursion. *Id.* at ¶39.

Plaintiffs allege that the pilot of the floatplane, Rolf Lanzendorfer, flew despite deteriorating and poor weather conditions, which subsequently resulted in him crashing the floatplane into steep and rocky terrain. *Id.* at ¶45. The National Transportation Safety Board's (NTSB) Preliminary Report of the accident noted that other pilots reported "low clouds in the valley in which the accident occurred" and "the weather was overcast, and the mountain tops were obscured." *Id.* at ¶55. The Preliminary Report also indicated that this was not the pilot's first floatplane accident and he had been involved in one on July 9, 2021. *Id.* at ¶57.

Plaintiffs point to additional fatalities that have occurred on sightseeing floatplanes docked in Ketchikan due to operation of the floatplane in deteriorating

weather conditions. *Id.* at ¶66-68. In 2015, Holland America was involved with the NTSB investigation concerning a floatplane crash. *Id.* at ¶68.

Plaintiffs assert one cause of action against the Holland America defendants[3] – maritime negligence based on an alleged failure to warn. *Id.* at ¶71-85. Plaintiffs allege that Holland America owed a duty to provide their cruise passengers, including plaintiffs, with reasonable care under the circumstances. *Id.* at ¶72. Holland America had a duty to warn their cruise passengers, including plaintiffs, of unreasonable dangers known to them in places where its passengers were invited, or would reasonably be expected to visit. *Id.* Plaintiffs allege that Holland America defendants should have reasonably expected their cruise passengers to participate in the subject floatplane excursion because the Holland America defendants promoted, marketed, advertised, and/or sold a substantially similar sightseeing floatplane excursion in Ketchikan/Misty Fjords locale. *Id.* at ¶76.

Given the other crashes that have occurred in connection with cruise floatplane shore excursions in the same area, plaintiffs allege that Holland America defendants had actual knowledge, or at the very least constructive knowledge, of the dangers associated with floatplane shore excursions to the Misty Fjords Monument. *Id.* at ¶78. Specifically, the plaintiffs assert Holland America defendants knew, or should have known, that the Misty Fjords are characterized as mountainous terrain with thick fog and clouds and rapidly changing weather conditions. *Id.* at ¶79. Plaintiffs further allege that the Holland America defendants owed a duty of care to warn plaintiffs of these

---

[3] Plaintiffs withdrew their negligence claim based on vicarious liability under joint venture and agency theories against only the Holland America defendants. Dkt. 47 at 5. Thus, the Court will not discuss this claim further in this Report and Recommendation.

dangerous conditions regardless of the fact that plaintiffs did not purchase their excursion tickets directly from the cruise line. *Id.* at ¶80-81.

DISCUSSION

**A. Plaintiffs' Surreply**

On December 2, 2022, plaintiffs filed a notice of intent to file supplemental authority and surreply in further support of their opposition to the Holland America defendants' 12(b)(6) motion. Dkts. 54, 55. Plaintiffs then filed their surreply, which contained a brief and an updated report from the NTSB. Dkt. 56. The Court should decline to take Dockets 54-56 into consideration for the purposes of this Report and Recommendation and strike them from the record.

Pursuant to Local Civil Rule 7(n), plaintiffs were permitted to bring to the Court's attention any relevant authority issued after their last brief by serving and filing a Notice of Supplemental Authority that attaches the supplemental authority *without argument*. Plaintiffs filed their notice of supplemental authority, but also filed a surreply which contained both the new authority *and* argument. Under Local Civil Rule 7(g), a surreply would have been permissible only if plaintiffs were seeking to strike material contained in or attached to the Holland America defendants' reply brief. Plaintiffs did not indicate in their surreply that they were requesting that the Court strike a specific argument presented in the defendants' reply brief.

At this stage, the Court cannot consider plaintiffs' supplemental authority. The updated NTSB was provided to the Court after the filing of the Second Amended Complaint and not mentioned or incorporated by reference in the Second Amended Complaint. And, the Court cannot take judicial notice of the report because it is subject

to a reasonable dispute. *See* Fed. R. Evid. 201(b). *See also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Thus, the Court should only consider plaintiffs' response at Docket 47.

**B. Standard of Review**

When reviewing a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. The court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

The substantive law governing suits between a cruise line and its passengers is general maritime law. *See,* "Preemption of state law by federal law—Maritime cases", 16 Wash. Prac., Tort Law And Practice § 1:7 (5th ed. 2022)

1      **C. Plaintiffs' Maritime Negligence Claim**

2             To establish a claim for negligence at maritime law, "a plaintiff must establish the

3      following elements: (1) the defendant was under a duty to the plaintiff to use due care;

4      (2) the defendant breached that duty; (3) the plaintiff suffered damages; and (4) the

5      breach of that duty proximately caused the plaintiff's damages." Charles M.

6      Davis, Maritime Law Deskbook 139 (2010). Concerning the duty element in

7      a maritime context the Supreme Court held in *Kermarec v. Compagnie Generale*

8      *Transatlantique*, that "a shipowner owes the duty of exercising *reasonable care* towards

9      those lawfully aboard the vessel who are not members of the crew." 358 U.S. 625, 630

10     (1959) (emphasis added). *See also, Peters v. Titan Navigation Co.,* 857 F.2d 1342,

11     1344 (9th Cir.1988) (concluding in a maritime-tort action for negligence that, because

12     the plaintiff was not a seaman, the duty owed to him was the "ordinary negligence duty

13     of reasonable care under the circumstances").

14            The maritime standard of reasonable care under the circumstances ordinarily

15     requires that the carrier first have had actual or constructive notice of the risk-creating

16     condition. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

17     "Constructive notice requires that a defective condition exist for a sufficient interval of

18     time to invite collective measures." *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351,

19     1355 (S.D.Fla. 2013). A cruise line must warn passengers only of those dangers that

20     "the cruise line knows or reasonably should have known," and "which are not apparent

21     and obvious to the passenger." *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516,

22     2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012); *Samuels v. Holland Am. Line-USA,*

23     *Inc.*, No. C09-1645 RSL, 2010 WL 3937470, at *2 (W.D. Wash. Oct. 4, 2010), *aff'd*, 656

24

25

F.3d 948 (9th Cir. 2011) ("Courts have consistently held that there is no duty to warn of an obvious and apparent danger."). *See, e.g., Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir.1989) (establishing this requirement in a slip-and-fall case aboard a cruise ship); *Rainey v. Paquet Cruises, Inc.,* 709 F.2d 169, 172 (2d Cir.1983) (affirming the district court's dismissal of the complaint where the alleged dangerous condition—the stool over which the injured passenger tripped while dancing on the ship's dance floor—was "in no way peculiar to maritime travel" and where the cruise line had no actual or constructive notice that the stool in question was dangerous).

Here, the Holland America defendants move for dismissal on the basis that the facts, as alleged, do not support imposing a duty of care on defendants to warn about a flight-seeing tour that Holland America did not own, operate, or sell tickets for. Further, Holland America argues that plaintiffs did not allege that defendants knew or should have known about the particular risk associated with Southeast.

The Court should hold that plaintiffs have adequately pled that the Holland America defendants had actual or constructive knowledge of the hazards of participating in floatplane sightseeing tours in the Misty Fjords area. Holland America defendants are correct in stating that such knowledge must be pled at a specific level. Plaintiffs have done so by pleading that Holland America defendants knew of the dangers of flying in this specific region. Plaintiffs provided facts to show that the Holland America defendants knew of substantially similar floatplane accidents. Specifically, plaintiffs pointed to a NTSB Safety Recommendation resulting from a 2015 floatplane accident involving Holland America's cruise passengers. Dkt 47 at 7. *See e.g., Reming v. Holland America Line, Inc.* No. C11-1609RSL, 2013 WL 594281, at *5 (W.D. Wash.

Feb. 14, 2013), aff'd, 662 F. App'x 507 (9th Cir. 2016) (considering whether HAL was aware of risks associated with Cliff Diver's Plaza in general, not only reported risks with the excursion company). *Barham v. Royal Caribbean Cruises Ltd.*, 556 F.Supp.3d 1318 (S.D. Fla. 2021) (denying the Motion to Dismiss and finding Plaintiff adequately pleaded negligence when Plaintiff alleged Defendant's "failure to adequately warn…passengers…of the dangers associated with participating in the subject excursions, including [] the excursion taking place in a volcano that was active multiple times just a few years before the incident").

Further, the fact that plaintiffs used means other than purchasing their tickets for the excursion directly from the cruise line does not, by itself, mean the Holland America defendants lacked knowledge of the risks associated with the floatplane. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (decedent independently purchased bus ticket through a company other than Carnival to travel to Coki Beach where she was shot and killed; the 11th Circuit held that the appellants adequately pled that Carnival was negligent in encouraging its passengers to visit Coki Beach and in failing to warn disembarking passengers of general and specific incidents of crime in St. Thomas and Coki Beach).

Plaintiffs have also adequately pled that the Holland America defendants had a duty to warn plaintiffs of the dangers of flying in the Misty Fjords on a floatplane. "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). A shipowner's duty of reasonable care includes the "duty to warn of known dangers

beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Serra-Cruz v. Carnival Corp.*, 400 F.Supp.3d 1364, 1370 (S.D. Fla. 2019). As discussed above, plaintiffs have sufficiently pled that the Holland America defendants had knowledge of the dangers of flying in a floatplane in this specific region.

Courts have consistently held that there is no duty to warn of an obvious and apparent danger. Yet, it is generally accepted that the legal question of whether a condition is open and obvious is better decided [not at the motion to dismiss stage but] after some factual development. *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1320 (S.D. Fla. 2015) (declining to rule at motion to dismiss stage the "question of whether the allegedly dangerous condition was open or obvious" because it "requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious") (citation omitted); *Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 250 (11th Cir. 2018) (reversing summary judgment in favor of cruise line on negligence claim because the slippery nature of the deck was not open and obvious as a matter of law where passenger slipped and fell after feeling "strong wind" blow water onto him and onto the deck while walking).

Therefore, the Court should hold that plaintiffs have adequately pled that the Holland America defendants acted negligently under maritime law. The Holland America defendants' motion to dismiss under 12(b)(6) should be DENIED.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Holland America defendants' motion to dismiss be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 30, 2022** as noted in the caption.

Dated this 9th day of December, 2022.

Theresa L. Fricke
United States Magistrate Judge