HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANA MCARTHUR, *et al.*,

               Plaintiffs,

    v.

HOLLAND AMERICA LINE INC., *et al.*,

               Defendants.

Case No.  2:22-cv-01071-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Holland America Defendants' Motion for Certification for Interlocutory Appeal, Dkt. # 149.  The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record.  The Holland America Defendants request oral argument, but the Court finds oral argument is unnecessary to resolve the pending motion.  For the reasons set forth below, the Court GRANTS the motion.

## II.    BACKGROUND

This case arises from the tragic deaths of four Holland America cruise ship passengers.  During the cruise ship's stop in Ketchikan, Alaska, the passengers took part in a third-party floatplane tour of the Misty Fjords National Monument area (the "Misty

Fjords") that unfortunately crashed and killed all on board. Family members of the passengers sued the floatplane operator and the Holland America Defendants, but after settlement, only the Holland America Defendants remain in this case. Dkt. # 86. On February 4, 2025, Magistrate Judge Fricke issued a Report and Recommendation denying the Holland America Defendants' Motion for Summary Judgment. Dkt. # 141. On July 20, 2025, the Court adopted the Report and Recommendation in all material respects. Dkt. # 145. The Report and Recommendation, as adopted by the Court, will be referred to as the "Order."

The Holland America Defendants now seek certification to file an interlocutory appeal of the Order. They challenge the Order's findings as to the following issues: (1) obviousness of the risk of floatplane tours in the Misty Fjords and Ketchikan area; (2) duty to warn for non-sponsored excursions past the point of disembarkation; and (3) actual or constructive notice of the risk creating condition.

### III.   LEGAL STANDARD

Generally, only "final decisions of the district courts" may be appealed. *See* 28 U.S.C. § 1291. A party may, however, file an interlocutory appeal of a non-final order if the district court certifies (1) "such order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). The party seeking an interlocutory appeal bears the burden of establishing all three elements. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Interlocutory appeals should be permitted "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). "It was not intended merely to provide review of difficult rulings in hard cases." *Id.* "[W]hen a district court certifies

an order for appeal pursuant to Section 1292(b), it is the *entire order* that is on appeal, not *particular questions*." *Nat'l Assoc. of African-American Owned Media v. Charter Comm'cs, Inc.*, No. 16-cv-609, 2016 WL 10647193, at *4 (C.D. Cal. Dec. 12, 2016) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)) (emphasis in original).

## IV.    DISCUSSION

### A.    Duty to Warn

A key issue presented in this case is whether cruise ships can ever have a duty to warn for risks associated with a non-sponsored third-party excursion past the point of disembarkation.  The Holland America Defendants argue the Order exceeded the limits of Ninth Circuit law by finding such a duty could exist in this case. Dkt. # 149 at 12–15. Plaintiffs respond that the Order correctly applied the prevailing Ninth Circuit legal standard set out in *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948 (9th Cir. 2011), and that the Holland American Defendants "cited no case imposing a legal requirement that the cruise line sell the excursion to trigger a duty to warn."  Dkt. # 151 at 11.  The Court finds this issue presents a matter of first impression in this Circuit and is appropriate for interlocutory appeal.

The first and third elements of § 1292(b) are met.  The extent of a cruise line's duty to warn presents a pure question of law.  In addition, an immediate appeal will materially advance the ultimate termination of litigation because it may result in the Holland America Defendants' dismissal or, alternatively, clarify and streamline the issues for trial.

As to the second element, "[t]o determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633.  "Courts traditionally will find that a substantial

ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (citation omitted). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (citation omitted).

Neither party cites any Ninth Circuit case expressly addressing whether there is a duty to warn for non-sponsored excursions past the point of disembarkation, and the Court is aware of none. Conversely, neither party cites a case from any federal court expressly declining to impose a duty to warn for this reason. The two most relevant cases cited by the parties are *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948 (9th Cir. 2011) and *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012).

In *Samuels*, the Ninth Circuit analyzed the duty to warn in a case where the plaintiff disembarked from a Holland America cruise ship and was severely injured at a nearby beach, which was not part of a cruise-sponsored excursion. *Samuels*, 656 F.3d at 949–50. In assessing the cruise ship's duty to warn, the Ninth Circuit applied the following legal standard: "Where the condition constituting the basis of the plaintiff's claims is not unique to the maritime context, a carrier must have 'actual or constructive notice of the risk-creating condition' before it can be held liable." *Id.* at 953 (citation omitted). The Ninth Circuit concluded the cruise line had no duty to warn because it had no actual or constructive notice of the dangerous condition at the beach. *Id.* at 954. The opinion did not expressly address the fact that the plaintiff was injured during a non-sponsored activity past the point of disembarkation.

In *Chaparro*, the plaintiffs' family disembarked from the cruise ship, traveled to a nearby beach, and one family member was shot and killed when gang-related violence erupted as the family traveled back to the cruise ship. *Chaparro*, 693 F.3d at 1335. In analyzing the cruise ship's duty to warn, the Eleventh Circuit adopted the following rule: "a cruise line owes its passengers a duty to warn of known dangers beyond the point of disembarkation in places where passengers are invited or reasonably expected to visit." *Id.* at 1336. It held plaintiffs plausibly stated a claim for failure to warn. *Id.* at 1336–37.

Here, the Order applied the "actual or constructive notice" test from *Samuels* to analyze the Holland America Defendants' duty to warn, without expressly analyzing whether the fact that the floatplane tour was sold through a third party should serve as an additional limiting factor. Dkt. # 141 at 9–11. In a footnote, the Order stated it was not "necessary to rely on the Eleventh Circuit's holding [in] *Chaparro* to analyze Plaintiffs' duty to warn claim." *Id.* at 10. Plaintiffs argue this was the correct application of Ninth Circuit law and that "[i]f the legal standard were as Holland has conceived, then the Ninth Circuit [in *Samuels*] would have simply held that Holland had no duty to warn because Holland did not sell the excursion." Dkt. # 151 at 11–12. They further argue that contrary to the Holland America Defendants' contention, the Order's application of *Samuels* would not lead to unlimited liability for cruise lines because the notice requirement is a significant barrier for plaintiffs, and "[i]t is, and will continue to be, unusual for a cruise line to possess the requisite knowledge of a risk-creating condition, particularly in a third-party excursion case." *Id.* at 12. While the Court adopted the Order for many of the same reasons Plaintiffs articulate, it acknowledges there is substantial ground for difference of opinion in this area. The Ninth Circuit never expressly analyzed the issue presented here in *Samuels* or in any other case brought to the Court's attention.

1    Moreover, even if some further limiting rule should apply, there still remains the
2    issue of whether the Ninth Circuit should adopt the Eleventh Circuit's rule in *Chaparro*
3    or fashion its own rule on the subject.  This is another question never addressed by the
4    Ninth Circuit and for which there is substantial ground for difference of opinion.
5    Accordingly, the Court finds it appropriate to certify the Order for interlocutory appeal.

6    **B.    Remaining Issues**

7    The Holland America Defendants also argue the Order erred by finding there is
8    an issue of fact as to (1) the obviousness of the risk of floatplanes in the Misty Fjords and
9    Ketchikan area; and (2) that the Holland America Defendants had actual or constructive
10   notice of the risk creating conditions.  As noted above, certification under § 1292(b)
11   applies to the entire order and not just to particular questions.  *Nat'l Assoc.*, 2016 WL
12   10647193, at *4.  Because the Court finds the Order contains a certifiable issue as to the
13   duty to warn, the entire Order must be certified and the Court need not address the
14   remaining bases for appeal.  *See id.*  Nevertheless, the Court briefly notes that it does not
15   find the remaining two issues appropriate for the extraordinary remedy of an
16   interlocutory appeal.

17   First, they do not present pure questions of law, but rather challenge the Order's
18   application of established law to the facts of this case.  *See Bluetooth SIG, Inc. v. FCA*
19   *US LLC*, No. 18-cv-1493, 2021 WL 1922975 (W.D. Wash. May 13, 2021) ("A 'question
20   of law' means a pure question of law, not a mixed question of law and fact or an
21   application of law to a particular set of facts."); *McFarlin v. Conseco Servs., LLC*, 381
22   F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be
23   reserved, for situations in which the court of appeals can rule on a pure, controlling
24   question of law without having to delve beyond the surface of the record in order to
25   determine the facts.").

26

ORDER - 6

Second, and more significantly, they do not present issues for which there is substantial ground for difference of opinion. As to obviousness, even if there is an obvious baseline risk associated with an activity, the extent of the risk may not be open and obvious if there are additional unique risks associated with performing the activity in a particular circumstance. *See Taylor v. Royal Caribbean Cruises Ltd.*, 437 F. Supp. 3d 1255, 1260 (S.D. Fla. 2020) (finding that although there is general risk associated with iFly activity, there as an issue of fact as to whether the specific conduct of the iFly instructor leading to plaintiff's injury was open and obvious); *Andersen v. Royal Caribbean Cruises Ltd.*, 543 F. Supp. 3d 1346, 1355 (S.D. Fla. 2021) ("while the wetness of the floor may have been open and obvious to Plaintiff, there is evidence that the slipperiness of the floor was both unreasonable and not open and obvious."). The Holland America Defendants rely heavily on *Hodges v. Summer Fun Rentals, Inc.*, 203 Fed. App'x 89 (9th Cir. 2006), but that case is distinguishable because it addressed only the baseline risks associated with wake jumping; there was no evidence of some additional unique risk in the particular circumstances of the case. *Id.* at 91. Here, the Order appropriately found that the unique weather, terrain, and traffic conditions of the Misty Fjords and Ketchikan area create an issue of fact as to whether the extent of the risk of floatplanes in that area is open and obvious to the average person. Contrary to what the Holland America Defendants appear to advocate, no case cited by them, including *Taylor* and *Andersen*, required the plaintiff to make a mathematical comparison of the number of accidents at the incident site versus elsewhere.

As to actual or constructive notice, while substantially similar prior accidents is a common way to demonstrative notice, the Holland America Defendants do not cite any Ninth Circuit case stating that is the only way to show notice. Regardless, the Court clarifies that it finds there is an issue of fact regarding whether substantially similar prior

ORDER - 7

accidents put the Holland America Defendants on constructive notice of the risks associated with floatplanes in the Misty Fjords.  For example, like the crash in this case, the 2015 Promech crash also involved a Misty Fjords floatplane tour that crashed due to deteriorating weather conditions.   While the Holland America Defendants raise additional factors that they say differentiate that crash, such as an inexperienced pilot, this ultimately presents an issue for the jury.

### V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Holland America Defendants' Motion for Certification for Interlocutory Appeal, Dkt. # 149.   The Report and Recommendation, as adopted by the Court's July 20, 2025 order, is certified for interlocutory appeal.

Dated this 13th day of November, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 8